IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

LEON J. HOWARD                          :
BH-2734                                 :
SCI-Phoenix                             :
1200 Mokychic Drive                     :
Collegeville, Pa. 19426,                :
                                        :
       Plaintiff,                       :
                                        :
v.                                      :
                                        :
                                        :                    NO:_____
DEPARTMENT OF CORRECTIONS               :
1920 Technology Parkway                 :                    JURY TRIAL DEMANDED
Mechanicsburg, Pa, 17050,               :
                                        :
JAMIE SORBER                            :
SCI-Phoenix                             :
Ex-Superintendent SCI-Phoenix           :
1200 Mokychic Drive                     :
Collegeville, Pa. 19426                 :
                                        :
MANDY SIPPLE                            :
SCI-PHOENIX                             :
Deputy Of Centralize Services           :
1200 Mokychic Drive                     :
Collegeville, Pa. 19426,                :
                                        :
BRITTANY HUNER                          :
SCI-PHOENIX                             :
Chief Health Care Administrator         :
1200 Mokychic Drive                     :
Collegeville, Pa. 19426,                :
                                        :
       Defendants.                      :

## COMPLIANT

## I.    PRELIMINARY STATEMENT

1.   This is a civil rights action seeking monetary and injunctive relief under

42 U.S.C. § 1983 for violation of the Eighth and Fourteenth Amendments of the

United State Constitution pursuant to §§ 1983 and 1988 as well as raising a

supplemental state-law negligence claim related to Defendants deliberate

1

indifference which rise to cruel and unusual treatment, wanton infliction of pain, and for violations of title II of the Americans with Disabilities Act (ADA) of 1990 42 U.S.C §§ 12131 and 405 of the Rehabilitation Act.

## II.   JURISDICTION

2.   The Court has jurisdiction over the subject matter of this complaint under 42 U.S.C. § 1983 and based upon 28 U.S.C. §§ 1331 and 1334 (a) (3); pendent jurisdiction of this Court pursuant to 28 U.S.C. §1367(a) to hear and adjudicate state law claims.

## III.   PARTIES

3.   Plaintiff, Leon J. Howard who is 54 years old, was at all times relevant to this complaint, an inmate at SCI-Phoenix.

4.   Defendant Department of Corrections ("DOC"), was at all times relevant to the complaint the central command office for all Pennsylvania correctional facilities. Is being sued in official capacity.

Defendant Jamie Sorber (herein after "Sorber"), who acted under color of state law, was at all times relevant to this complaint employed as Superintendent of SCI-Phoenix and in charge of managing the facility. He is being sued in his official and individual capacity.

5.   Mable Sipple (herein after "Sipple"), who acted under color of state law, was at all times relevant to this complaint employed as deputy of centralize services for Defendant DOC and was in charge of unit management and facility security and safety. She is being sued in her official and individual capacity.

6.   Defendant Brittany Huner (hereinafter "Huner"), who acted under color of state law, was at all times relevant to this complaint employed as chief health

2

care administrator for the Defendant DOC and assigned as the medical departments administrator. She is being sued in her individual and official capacity.

## IV.   FACTS

7.   Plaintiff requested and was ADA approved on August 23, 2022 for an extended bed accommodation to accommodate his height ("six-feet"/"seven-inch" tall) so that his feet/ankles wouldn't hang over the end of the bed causing numbness, swelling and edema (accumulation of fluid).

8.   But most importantly, Plaintiff was approved for this accommodation because he suffers form a chronic and severely painful condition in his lower spine called degenerative disc disease (an MRI on March 16, 2021 showed that Plaintiff has badly deteriorating disc's on multi levels of his lower spine, herniated disc, bulging disc, and impingement of nerves causing sever chronic back pain) that has gotten progressively worse since being diagnosed over twenty-five years ago and now requires surgery to relieve his chronic lower back pain

9.   This ADA accommodation is suppose to consist of one "seven-foot" long/"three-foot" wide bed, an 8-12 inch thick mattress and single occupant-cell status (medical Z-code).

10.   In August of 2022 Defendant Sipple was responsible for having the Plaintiff's extended bed built and installed with the above outlined accommodations. She instead had the Plaintiff's bed altered into a bunk-bed which means there is now a bed over his head that he now has to constantly sit hunched-over under and have to constantly bend-over in order to get in and out

of bed to avoid hitting his head, neck or back on the top bunk-bed.

11.   On September 13, 2022 Plaintiff wrote a request to Defendant Sipple concerning (amongst other things) her failure to proved him with the standard accommodation as she has for other inmates prior to him. The request was denied.

13.   On September 22, 2022 Plaintiff wrote a letter to Deputy Secretary of Corrections Tammy Fergson explaining the accommodation issue to her and asking her to provide him with the standard accommodation as it has been provide for other inmates. Her staff assistance responded (on October 11, 2022) stating, "address your concerns to CHCA Huner."

13.   On September 27, 2022 Plaintiff then wrote a request to (then) Superintendent Sorber asking that he intervene and provide him with proper accommodation due to Defendant Sipple refusing to do so. Sorber forward the request to Defendant Sipple for a response which she denied.

14.   October 7, 2022 Plaintiff filed a grievance concerning Defendant Sipple's violation of his  ADA accommodation, DOC's policy concerning ADA accommodations, and a serious right shoulder injury (ex-ray showed separation and bone spurs) caused by hitting the top bunk.

15.   On November 28, 2022 Plaintiff sent a request to Defendant Huner to inform her that he wrote Deputy Secretary of Correction Tammy Ferguson about the violations of his accommodation and was instructed to address this matter to her concerning not being provided with the standard ADA bed, single occupant cell status (medical Z-code), and 8-12 inch thick mattress as it was for other inmates.

4

Defendant Huner response was for Plaintiff to apply for a Z-code. But when the Plaintiff requested the Z-code Defendant Huner denied it.

16.   Plaintiff has also filed numerous requests complaining about not being provided with the appropriate extended bed/cell and mattress accommodations and how it has effected his sleep and exacerbates his chronic back pain to no avail.

17.   On December 23, 2022 Plaintiff filed a grievance against Defendant Huner for failing to provide him with an appropriate accommodation and/or as she has for other inmates prior to him.

## VI.   ADMINISTRATIVE REMIDIES

18.   Plaintiff has exhausted all administrative remedies to the fullest extent possible.

## VII.   CAUSES OF ACTION

COUNT 1: VIOLATION OF TITLE II OF THE AMERICANS WITH DISABILITIES ("ADA") AND THE REHABILITATIONS ACT ("RA")

19.   The allegations set fourth in paragraphs 1-17 are incorporated as set fourth herein.

20.   The foregoing conduct of the DOC Defendants, acting under color of state law, unlawfully denied Plaintiff of his civil and constitutional rights, including rights, privileges, and immunities under ADA/RA and Eighth and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. § 1983.

21.   The Plaintiff was ADA approved for an extended bed accommodation, he is otherwise a person with a qualified disability, therefore entitle to the

benefit of the extended bed service and/or program.

22.   Because of the DOC Defendants refusal to provide Plaintiff with the standard extended bed accommodation he has been made to suffer exacerbated pain in his lower back for well over seventeen-months.

23.   The Defendants refusal to provide Plaintiff with reasonable and equal ADA accommodations for his spinal condition violates his constitutional rights.

24.   The DOC Defendants were well aware of Plaintiff's serious medical and disability needs because the severity of his spinal condition is well documented.

25.   As a direct and proximate result of the DOC Defendants actions and omissions, Plaintiff has had to unnecessarily suffer serious back pain, lose of sleep and mental and emotional distress that also effects his daily activities.

26.   The acts and omissions of the DOC Defendants who intentionally discriminate against Plaintiff were committed willfully, wantonly, maliciously, outrageously, and/or by conduct so egregious, as to shock the conscience.

27.   As a direct and proximate result of the DOC Defendants illegal and unconstitutional actions, Plaintiff suffers pain, anxiety, sever emotional trauma, and the lose of the enjoyment of life, all to his great detriment and lose.

## VIII.   COUNT 2: STATE LAW NEGLIGENCE CLAIMS

28.   The allegations set fourth in paragraphs 1-26 are incorporated as set fourth herein.

29.   The DOC Defendants had a duty of care to comply with generally accepted ADA/RA, Eighth and Fourteenth Amendment right to the constitution in providing

safe, reasonable and meaningful accommodations for the Plaintiff.

30.    The DOC Defendants' reckless disregard for serious unnecessary risk of injuries, pain, suffering and harm to the Plaintiff was a direct and approximate cause and substantial factor in bringing about the Plaintiff's damages, as outlined in the above complaint, and as a result the Defendants are liable to Plaintiff.

## IX.   JURY DEMANDED

31.    Plaintiff demands a jury as to each defendant and as to each count. WHEREFORE, Plaintiff requests the following relief:

      a.    Injunctive relief;

      b.     Compensatory damages;

      c.    Punitive damages

      d.    Reasonable attorney's fees and costs; and

      e.    Such other and further relief as appears reasonable and just.


Leon J. Howard BH-2734
SCI-Phoenix
1200 Mokychic Drive
Collegeville,  PA. 19426

Date: 1/31/24

7

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

LEON J. HOWARD,                    :
                                   :
        Plaintiff,                 :
                                   :
                                   :
    V.                             :        NO:_____
                                   :
                                   :        JURY TRIAL DEMANDED
                                   :
DEPARTMENT OF CORRECTION et al.,   :
                                   :
        Defendants.                :

## VERIFICATION

I, Leon J. Howard, pro se, Plaintiff have read the foregoing Compliant and hereby verify that the matters alleged therein are true. I certify under penalty of perjury that the foregoing is true and correct.


Name:_____
        Leon J, Howard


Clerk of Court,EDPa
Edward N. Cahn U.S. Courthouse &
Federal Building
504 W. Hamilton Street
Allentown, PA. 18101


Date:___1/31/24_____

quadient

FIRST-CLASS MAIL
IMI
$002.59 ℚ
02/08/2024 ZIP 18436
0430312483995

US POSTAGE

Smart Communications/PADOC

SCI- Phoenix

Name Leon J. Howard

Number BH2734

PO Box 33028

St Petersburg FL 33733

To: Clerk of Courts, E.D.Pa.
Edward N Cahn US Courthouse &
Federal Building
504 W. Hamilton St.
Allentown, PA. 18101

RECEIVED
FEB 12 2024